# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | **No. 07-20167-14-KHV** |
| | ) | |
| EDWARD QUINCY POTTS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate,</u> <u>Set Aside Or Correct Sentence By A Person In Federal Prison</u> (Doc. #624) filed February 22, 2010. For reasons stated below, the Court overrules defendant's motion.

### Factual Background

On February 17, 2009, pursuant to a plea agreement, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See <u>Petition To Enter Plea</u> <u>Of Guilty And Order Entering Plea</u> (Doc. #362). On February 24, 2009, defendant filed a pro se motion to withdraw his guilty plea. See Doc. #369. Defendant alleged that he entered his plea under pressure and did not fully understand what he was signing. See <u>id.</u> In particular, he alleged that his attorney had not discussed the evidence against him and that he was only responsible for acting as a middle man for one phone call involving the shipment of two kilograms of cocaine. See <u>id.</u> At the hearing on defendant's pro se motion, defendant decided to withdraw the motion. See <u>Clerk's</u> <u>Courtroom Minute Sheet</u> (Doc. #379) filed April 2, 2009.

Defendant's total offense level was 29, with a criminal history category II, resulting in a guideline range of 97 to 121 months. Because the statutory minimum was 120 months, the sentencing range was 120 to 121 months in prison. Defendant objected to the calculation of drug quantity in the Presentence Investigation Report ("PSIR"). Because defendant's objections did not impact the statutory minimum sentence of 120 months, the Court overruled defendant's objections as moot and sentenced defendant to 120 months in prison. See Judgment In A Criminal Case (Doc. #490) filed July 8, 2009. Defendant did not appeal. Daniel J. Ross represented defendant throughout this proceeding.

On February 22, 2010, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion and memorandum allege that Mr. Ross was ineffective because (1) he did not conduct a reasonable pretrial investigation or develop a defense strategy, (2) he coerced defendant to plead guilty and misinformed defendant that he would receive a sentence of less than 120 months in prison, (3) he failed to adequately raise and preserve objections to drug quantity at sentencing and (4) he did not consult with defendant about a possible appeal.[1]

## **Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that

---

[1]    In his motion, defendant raises three claims which do not appear to relate to his case: (1) that counsel was ineffective because he pressured defendant to plead guilty without a plea agreement, see Motion To Vacate (Doc. #624) at 5, (2) that counsel was ineffective because he filed an Anders brief on direct appeal, see id. at 8, and (3) that counsel was ineffective because he continued to represent defendant under a conflict of interest after he had filed a motion to withdraw as counsel, see id. Here, defendant pled guilty pursuant to a plea agreement, he did not file an appeal and his counsel did not file a motion to withdraw. Because defendant has not explained how these claims relate to his case, the Court overrules them.

the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

## I.      Failure To Investigate Or Develop Defense Strategy – Claim 1

Defendant argues that counsel was ineffective because he did not conduct a reasonable pretrial investigation or develop a defense strategy. Defendant's conclusory allegations of inadequate pretrial preparation do not establish deficient performance or prejudice and are insufficient to warrant an evidentiary hearing. See United States v. Kilpatrick, 124 F.3d 218, 1997

WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same), cert. denied, 517 U.S. 1235 (1996). In his declaration, defendant alleges that (1) counsel never informed defendant of his opinion of the government evidence including the fact that the government had no witnesses against him, (2) counsel failed to file a motion to suppress the intercepted telephone calls which were the only evidence linking defendant to the charged offenses and (3) counsel failed to file a motion to obtain the minutes of the grand jury proceeding. See Declaration Of Edward Q. Potts Pursuant To 18 U.S.C. § 1746 ("Potts Declaration") ¶¶ 5-10, attached to Memorandum Of Law (Doc. #625) filed February 22, 2010. Below, the Court addresses each of these claims in turn.

Defendant argues that counsel never informed him of the strength of the government's case and that the government had no witnesses against him. Defendant concedes that the government had evidence of telephone calls (which would of course involve testimony by law enforcement officers), but counsel did not inform him that the government had no other witnesses. Defendant has not shown that the government in fact lacked other witnesses who were willing to testify against him. Even so, based on the plea agreement and his statements at the plea hearing, defendant was well aware of the evidence against him and that the nature of the government's case consisted primarily of electronic surveillance and physical surveillance of defendant's associates.[2] Defendant has not

---

[2] This surveillance included a series of phone calls between defendant and Boytina Locke in which defendant inquired about the availability of cocaine and discussed where and when his associates would meet Locke. The next day, by telephone, defendant told Locke where to meet his associates. Shortly thereafter, Locke met Rodney McNeil and Mitchell Henderson at the designated location. McNeil and Henderson left together in a car, but officers stopped the vehicle and found two kilograms of cocaine inside the vehicle. In addition to the electronic surveillance, (continued...)

-4-

shown that counsel's failure to discuss the lack of government witnesses was deficient or prejudicial (that is, it would have altered his decision to plead guilty).

Defendant complains that counsel did not file a motion to suppress the wiretap evidence, but he has not shown any factual or legal basis for such a motion or that such a motion would have likely affected the outcome of the case. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985). Defendant provides no facts which would suggest that counsel's failure to file a motion to suppress was deficient or prejudicial.[3]

Finally, defendant argues that counsel was ineffective because he failed to file a motion to obtain grand jury testimony. Defendant has not identified what the grand jury transcripts would have revealed or how any such information would have changed defendant's decision to plead guilty. Absent such information, defendant cannot show that counsel's failure to obtain such transcripts was deficient or prejudicial.

In sum, defendant has not shown that defense counsel's pretrial investigation and case strategy was deficient or that his performance rendered the result of his guilty plea "fundamentally unfair." Lockhart, 506 U.S. at 372.

---

[2](...continued)
the plea agreement notes that Jeremy Jacobs was familiar with Locke's associates including defendant.

[3]    The Court overruled a co-defendant's motion which argued that the government unlawfully intercepted wire communications on two target phones because (1) the government referred to an expired Attorney General order in the wiretap applications and (2) the government did not establish necessity for the wiretaps. See United States v. Grigsby, No. 07-20167-09, 2009 WL 385856, at *2-5 (D. Kan. Feb. 17, 2009).

## II. Advice To Plead Guilty And Sentencing Prediction – Claim 2

In his memorandum, defendant argues that counsel erroneously told defendant that he would receive a term of imprisonment less than 120 months.[4]  Memorandum Of Law (Doc. #625) at 5. Initially, the Court rejects defendant's claim because he specifically admitted at the change of plea hearing that no one made any promise or guarantee about his sentence.  In addition, defendant did not raise the present allegation with his original claim that counsel pressured him to plead guilty by noting the reputation of the United States Attorney for being able to convict individuals with no evidence.  See Doc. #369.  Even if Mr. Ross told defendant that his sentence would be less than

---

[4]      Defendant also alleges that counsel "persuade[d]" and "pressured" him to plead guilty, see Motion To Vacate (Doc. #624) at 6; Potts Declaration ¶ 11, but as evidence of pressure, he only cites (1) counsel's failure to explain the terms of the plea agreement including the government recitation of the factual basis of the plea and (2) counsel's failure to explain the possibility that he would receive a sentence of 120 months in prison.  The Court addresses above defendant's claim that counsel did not explain the possible length of defendant's prison term.  As to defendant's claim that counsel did not fully explain the terms of the plea agreement, his argument is conclusively refuted by the record.  In his written plea agreement and the plea colloquy, defendant affirmed under oath that he had discussed the plea agreement with counsel, that no one forced or threatened him to plead guilty, that no promises were made to induce him to plead guilty and that he was fully satisfied with the advice and representation of counsel.  Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established.  United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept.19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978).  Defendant's conclusory statement that counsel did not explain the plea agreement is insufficient to establish that counsel's performance was deficient.  Even if counsel had failed to fully explain the terms of the plea agreement, defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty.  See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11.  In particular, after the Honorable John W. Lungstrum reviewed the terms of the plea agreement with defendant at the plea hearing, defendant pled guilty. Moreover, some five weeks after his plea, defendant withdrew his claim that he entered his plea under pressure and did not fully understand what he was signing.  See Clerk's Courtroom Minute Sheet (Doc. #379) filed April 2, 2009.

120 months, defendant has not shown a reasonable probability that but for counsel's prediction, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See Young, 206 Fed. Appx. at 785; Rantz, 862 F.2d at 810-11. At the plea hearing, Judge Lungstrum fully explained that the mandatory statutory minimum for the offense was 10 years in prison and that unless he were to qualify under one of the few exceptions that the law recognizes, the Court simply had no power to give him a sentence shorter than 10 years in prison.[5] See United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993) (no prejudice from attorney miscalculation because court explained that its calculation may differ from attorney's calculation and that it would consider factual data relating to any counts dismissed or about to be dismissed); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be), cert. denied, 499 U.S. 940 (1991). Judge Lungstrum further explained that the government had discretion to determine whether defendant had provided substantial assistance and that absent a government motion, the Court lacked authority to give defendant a sentence below the mandatory statutory minimum.

In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The Court therefore overrules his second claim for relief.

---

[5]     The plea petition and plea agreement also notified defendant that the mandatory minimum sentence was 10 years in prison. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #362) filed February 17, 2009 ¶ 10; Plea Agreement ¶ 1, attached to Petition (Doc. #362).

### III.    Failure To Adequately Present Objections At Sentencing – Claim 3

Defendant complains that counsel did not adequately object to the calculation of drug quantity in the PSIR, that he did not object to the Court's summary denial of his objections and he did not ask to have his argument "on the record" for appellate review.  <u>See</u> <u>Memorandum Of Law</u> (Doc. #625) at 5-6.  As noted, the Court overruled defendant's objections to drug quantity because they did not impact his statutory minimum sentence of 120 months.  Because drug quantity did not impact the defendant's sentence, counsel's failure to argue further on the issue was not deficient or prejudicial.  The Court therefore overrules defendant's third claim for relief.

### IV.    Failure To Consult Defendant About An Appeal – Claim 4

Defendant argues that counsel did not consult with him about a possible appeal.  <u>See</u> <u>Memorandum Of Law</u> (Doc. #625) at 6-15.  In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court rejected a bright-line rule that counsel's failure to consult with defendant regarding an appeal is *per se* deficient.  <u>Id.</u> at 480.  Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  <u>Id.</u>  In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known.  <u>Id.</u>  Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings."  <u>Id.</u>  When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and

whether the plea expressly reserved or waived some or all appeal rights. Id. In addition to deficient performance, defendant must show that counsel's failure to consult with him about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with him about an appeal, he would have timely appealed. Id. at 484.

Based on the record, the Court finds that counsel's alleged failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and his actual sentence (10 years) was the statutory minimum sentence about which Judge Lungstrum and the plea agreement informed defendant. Defendant did not enter a conditional plea and he expressly agreed that he would not be permitted to withdraw his plea if he did not agree with the sentence which the Court imposed. Second, in the plea agreement, defendant waived his right to appeal or collaterally attack his sentence, thus indicating that he sought an end to judicial proceedings. Third, defendant suggests that prior to his plea, he told Mr. Ross that he was only involved in brokering limited drug transactions, see Potts Declaration ¶ 11, but he has not alleged or shown that he expressed to counsel any interest in appealing his conviction or sentence which was based on the mandatory minimum sentence for his "limited" drug transactions. Based on these facts, reasonable counsel would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed on request for certificate of appealability, 200 Fed. Appx. 793 (10th Cir. 2006), cert. denied, 127 S. Ct. 1343 (2007); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. 2004).

-9-

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.[6] Defendant has not identified and the Court cannot find any non-frivolous grounds on which he could appeal in light of the waiver in the plea agreement and the minimum sentence required by statute. Defendant has not shown a reasonable probability that he would have filed a notice of appeal had his counsel consulted with him. Rios-Garcia, 2005 WL 3845345, at *8; Flowers, 2004 WL 1088767, at *8.

## V.    Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #624) filed February 22, 2010 be and hereby is **OVERRULED**.

---

[6]    The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe, 528 U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that he asked counsel to file an appeal, but rather that counsel did not consult with him about the possibility of an appeal.

Dated this 15th day of March, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge