IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 07-20167-14-KHV |
| EDWARD QUINCY POTTS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. The Court sentenced defendant the statutory minimum sentence of 120 months in prison. On March 15, 2010, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #628). This matter is before the Court on defendant's Motion For Reconsideration (Doc. #631) filed March 29, 2010. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v.

Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

**Factual Background**

On February 17, 2009, pursuant to a plea agreement, defendant pled guilty to conspiracy to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base and to possess with intent to distribute five kilograms or more of cocaine. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #362). On February 24, 2009, defendant filed a pro se motion to withdraw his guilty plea. See Doc. #369. Defendant alleged that he had entered his plea under pressure and did not fully understand what he was signing. See id. In particular, he alleged that his attorney had not discussed the evidence against him and that he was only responsible for acting as a middle man for one phone call involving the shipment of two kilograms of cocaine. See id. At the hearing on defendant's pro se motion, defendant decided to withdraw the motion. See Clerk's Courtroom Minute Sheet (Doc. #379) filed April 2, 2009.

Defendant's total offense level was 29, with a criminal history category II, resulting in a guideline range of 97 to 121 months. Because the statutory minimum was 120 months, the sentencing range was 120 to 121 months in prison. Defendant objected to the calculation of drug quantity in the Presentence Investigation Report ("PSIR"). Because defendant's objections did not impact the statutory minimum sentence of 120 months, the Court overruled defendant's objections as moot and sentenced defendant to 120 months in prison. See Judgment In A Criminal Case (Doc. #490) filed July 8, 2009. Defendant did not appeal. Daniel J. Ross represented defendant

-2-

throughout this proceeding.

On February 22, 2010, defendant filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion and memorandum alleged that Mr. Ross was ineffective because (1) he did not conduct a reasonable pretrial investigation or develop a defense strategy, (2) he coerced defendant to plead guilty and misinformed defendant that he would receive a sentence of less than 120 months in prison, (3) he failed to adequately raise and preserve objections to drug quantity at sentencing and (4) he did not consult with defendant about a possible appeal. On March 15, 2010, the Court overruled defendant's motion without an evidentiary hearing or response by the government.[1] See Memorandum And Order (Doc. #628).

Defendant asks the Court to reconsider its order which overruled his Section 2255 motion. The government has filed a response and asserts that in the plea agreement, defendant voluntarily waived his right to file a Section 2255 motion.

**Analysis**

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

---

[1] In his motion, defendant raised three claims which do not relate to his case: (1) that counsel was ineffective because he pressured defendant to plead guilty without a plea agreement, see Motion To Vacate (Doc. #624) at 5, (2) that counsel was ineffective because he filed an Anders brief on direct appeal, see id. at 8, and (3) that counsel was ineffective because he continued to represent defendant under a conflict of interest after he had filed a motion to withdraw as counsel, see id. Here, defendant pled guilty pursuant to a plea agreement, he did not file an appeal and his counsel did not file a motion to withdraw. Because defendant did not explain how these claims relate to his case, the Court overruled them.

**I.      Procedural Bar – Waiver Of Collateral Challenges (Claims 1, 3 and 4)**

In its initial order which denied defendant's Section 2255 motion, the Court did not address the waiver of collateral challenges in the plea agreement because the Court did not require the government to respond to defendant's Section 2255 motion. In response to defendant's motion to reconsider, the government has raised the waiver in the plea agreement. Defendant has not responded to the government's assertion of the plea waiver. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at *3 (D. Kan. Nov. 19, 2004).

     A.      Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when he entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359

F.3d at 1343.

The plea agreement states in relevant part as follows:

**14.    Waiver of Appeal and Collateral Attack.**  Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence (including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release).  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 14.  The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187.  In this case, defendant's first, third and fourth claims regarding ineffective assistance before the plea and at sentencing do not challenge the validity of the plea or waiver.  Accordingly, these claims falls within the scope of the waiver in the plea agreement.  See id.

B.   Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived his rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that he understood the charge against him, the maximum penalties, the mandatory statutory minimum for the offense of 10 years in prison, the rights he was waiving and the factual basis for his plea. Defendant acknowledged that his plea was free and voluntary, that no one had forced or threatened him to enter it, and that the only reason he was making a plea was that he was in fact guilty as charged. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of his rights was knowing and voluntary.

C.   Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received the statutory minimum sentence of 10 years in prison,

which is precisely the sentence that the Assistant United States Attorney and defense counsel predicted (and virtually guaranteed) at the Rule 11 hearing. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's first, third and fourth claims are barred by the waiver of collateral challenges in the plea agreement.

## II.  Substantive Merit Of Defendant's Claims

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988) (citation omitted), cert. denied,

489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

A. Failure To Investigate Or Develop Defense Strategy – Claim 1

Defendant argues that the Court erred when it dismissed defendant's claim that counsel was ineffective for failing to conduct a reasonable pretrial investigation or develop a defense strategy. The Court noted as follows:

> Defendant's conclusory allegations of inadequate pretrial preparation do not establish deficient performance or prejudice and are insufficient to warrant an evidentiary hearing. See United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same), cert. denied, 517 U.S. 1235 (1996). In his declaration, defendant alleges that (1) counsel never informed defendant of his opinion of the government evidence including the fact that the government had no witnesses against him, (2) counsel failed to file a motion to suppress the intercepted telephone calls which were the only evidence linking defendant to the charged offenses and (3) counsel failed to file a motion to obtain the minutes of the grand jury proceeding. See Declaration Of Edward Q. Potts Pursuant To 18 U.S.C. § 1746 ("Potts Declaration") ¶¶ 5-10, attached to Memorandum Of Law (Doc. #625) filed February 22, 2010. Below, the Court addresses each of these claims in turn.
>
> Defendant argues that counsel never informed him of the strength of the government's case and that the government had no witnesses against him. Defendant concedes that the government had evidence of telephone calls (which would of course involve testimony by law enforcement officers), but counsel did not inform him that the government had no other witnesses. Defendant has not shown that the government in fact lacked other witnesses who were willing to testify against him. Even so, based on the plea agreement and his statements at the plea hearing, defendant was well aware of the evidence against him and that the nature of the government's case consisted primarily of electronic surveillance and physical surveillance of defendant's associates.[2] Defendant has not shown that counsel's

---

[2]   This surveillance included a series of phone calls between defendant and Boytina
(continued...)

failure to discuss the lack of government witnesses was deficient or prejudicial (that is, it would have altered his decision to plead guilty).

Defendant complains that counsel did not file a motion to suppress the wiretap evidence, but he has not shown any factual or legal basis for such a motion or that such a motion would have likely affected the outcome of the case. Only those motions having a solid foundation, not every possible motion, should be filed. United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985). Defendant provides no facts which would suggest that counsel's failure to file a motion to suppress was deficient or prejudicial.[3]

Finally, defendant argues that counsel was ineffective because he failed to file a motion to obtain grand jury testimony. Defendant has not identified what the grand jury transcripts would have revealed or how any such information would have changed defendant's decision to plead guilty. Absent such information, defendant cannot show that counsel's failure to obtain such transcripts was deficient or prejudicial.

In sum, defendant has not shown that defense counsel's pretrial investigation and case strategy was deficient or that his performance rendered the result of his guilty plea "fundamentally unfair." Lockhart, 506 U.S. at 372.

Memorandum And Order (Doc. #628) at 3-5 (footnotes in original).

Defendant argues that an evidentiary hearing was warranted because his allegations of inadequate pretrial preparation were supported by affidavit and unrefuted by any competing

---

[2](...continued)
Locke in which defendant inquired about the availability of cocaine and discussed where and when his associates would meet Locke. The next day, by telephone, defendant told Locke where to meet his associates. Shortly thereafter, Locke met Rodney McNeil and Mitchell Henderson at the designated location. McNeil and Henderson left together in a car, but officers stopped the vehicle and found two kilograms of cocaine inside the vehicle. In addition to the electronic surveillance, the plea agreement notes that Jeremy Jacobs was familiar with Locke's associates including defendant.

[3] The Court overruled a co-defendant's motion which argued that the government unlawfully intercepted wire communications on two target phones because (1) the government referred to an expired Attorney General order in the wiretap applications and (2) the government did not establish necessity for the wiretaps. See United States v. Grigsby, No. 07-20167-09, 2009 WL 385856, at *2-5 (D. Kan. Feb. 17, 2009).

affidavit. In his affidavit, defendant states that his attorney never informed him of the strength of the government's case and that the government had no witnesses in support of its case. See Doc. #625 at 17. As explained in the prior order, defendant concedes that the government had evidence of telephone calls (which would of course involve testimony by law enforcement officers). More importantly, defendant has not shown that the government in fact lacked other witnesses who were willing to testify against him. Defendant's affidavit is conclusively refuted by the plea agreement and his statements at the plea hearing which show that defendant was well aware of the evidence against him and that the nature of the government's case consisted primarily of electronic surveillance and physical surveillance of defendant's associates. Defendant has not shown grounds for the Court to reconsider its conclusion that counsel's failure to discuss the lack of government witnesses was not deficient or prejudicial.

B. Advice To Plead Guilty And Sentencing Prediction – Claim 2

Defendant argues that the Court erred when it overruled defendant's claim that counsel was ineffective because he erroneously told defendant that he would receive less than 120 months in prison. Defendant argues that the Court should have granted a hearing on his claim based on his uncontested affidavit which states that if counsel had advised him that his sentence would likely be at least 120 months, he would have gone to trial and not pled guilty. Defendant ignores the fact that his claim is conclusively refuted by his sworn statements at the plea colloquy and in the plea petition. First, he cannot establish that counsel was deficient because he specifically admitted at the change of plea hearing that no one made any promise or guarantee about his sentence. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States

v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept.19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). In any event, defendant cannot establish prejudice. Defendant has not shown a reasonable probability that but for counsel's prediction, the results of the plea proceeding would have been different, i.e. that he would not have agreed to plead guilty. See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11. At the plea hearing, Judge Lungstrum fully explained that the mandatory statutory minimum for the offense was 10 years in prison and that unless he were to qualify under one of the few exceptions that the law recognizes, the Court simply had no power to give him a sentence shorter than 10 years in prison. See United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993) (no prejudice from attorney miscalculation because court explained that its calculation may differ from attorney's calculation and that it would consider factual data relating to any counts dismissed or about to be dismissed); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (attorney sentence miscalculation does not result in prejudice where court had explained that it retained discretion as to what sentence would be), cert. denied, 499 U.S. 940 (1991). The plea petition and plea agreement also notified defendant that the mandatory minimum sentence was 10 years in prison. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #362) filed February 17, 2009 ¶ 10; Plea Agreement ¶ 1, attached to Petition (Doc. #362). Judge Lungstrum further explained that the government had discretion to determine whether defendant had provided substantial assistance and that absent a government motion, the Court lacked authority to give defendant a sentence below the mandatory statutory minimum. After being informed multiple times about the statutory minimum,

defendant pled guilty.[4]  Defendant has not shown grounds for the Court to reconsider its ruling as to defendant's second claim.

### C. Failure To Adequately Present Objections At Sentencing – Claim 3

Defendant argues that the Court erred when it overruled his claim that counsel was ineffective because he did not adequately object to the calculation of drug quantity in the PSIR, that he did not object to the Court's summary denial of his objections and he did not ask to have his argument "on the record" for appellate review. The Court held that counsel's failure to argue further on the issue was not deficient or prejudicial because the objections to drug quantity did not impact the statutory minimum sentence of 120 months. In his motion to reconsider, defendant raises a new argument that counsel failed to object to drug quantity immediately following the indictment. See Motion For Reconsideration (Doc. #631) at 5. The Court overrules that claim because defendant did not raise it in his initial motion. In any event, the waiver of collateral challenges in the plea agreement includes such a claim. On the merits, defendant has not shown a factual basis for his argument that had counsel objected, he would have received a different plea offer or that he would have pled guilty to a different offense which did not include a mandatory minimum sentence of 120 months in prison. The Court therefore overrules defendant's motion to reconsider as to his third claim.

### D. Failure To Consult Defendant About An Appeal – Claim 4

Defendant argues that the Court erred when it overruled his claim that counsel did not consult with him about a possible appeal. Defendant argues that he had several non-frivolous grounds for appeal. As explained in the prior order, based on all of the facts, reasonable counsel

---

[4] In addition, some five weeks after his plea, defendant withdrew his claim that he entered his plea under pressure and did not fully understand what he was signing. See Clerk's Courtroom Minute Sheet (Doc. #379) filed April 2, 2009.

would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed on request for certificate of appealability, 200 Fed. Appx. 793 (10th Cir. 2006), cert. denied, 127 S. Ct. 1343 (2007); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. 2004). In addition, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.[5] Defendant has not specifically identified and the Court cannot find any non-frivolous grounds on which he could appeal in light of the waiver in the plea agreement and the minimum sentence required by statute. The Court therefore overrules defendant's motion to reconsider as to his fourth claim.

### III. Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The Court therefore addresses the issue in this order. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional

---

[5] The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477, 484-85 (2000); United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that he asked counsel to file an appeal, but rather that counsel did not consult with him about the possibility of an appeal.

[6] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated in the Memorandum And Order (Doc. #628) and those stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration (Doc. #631) filed March 29, 2010 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion, see Memorandum And Order (Doc. #628), is **DENIED**.

Dated this 10th day of June, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge